**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 13, 2005[*]
Decided September 15, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1325

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*

ANDRE WILLIAMS,
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Southern District of
Indiana, Indianapolis Division

No. 1:04CR00113-001

Larry J. McKinney,
*Chief Judge.*

**O R D E R**

Andre Williams, a licensed mortgage broker, obtained more than $900,000 in financing to buy his own home and four others he purchased in the names of prospective clients whose identities he stole. The actual purchase price of the five houses totaled $437,000, but Williams deceived the lenders by enlisting corrupt title-company employees to accept two sets of closing documents, one for the seller that was accurate and a second for the lender that included a falsified appraisal,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

loan application, and closing statement. Williams kept a share of the excess loan proceeds and also collected his broker's commission from the lenders. Eventually the scheme was discovered, and Williams pleaded guilty to five counts of mail fraud, 18 U.S.C. § 1341, and four counts of money laundering, *id.* § 1957. He was sentenced after *United States v. Booker*, 125 S. Ct. 738 (2005), to 35 months' imprisonment and three years' supervised release on each count, all running concurrently, and ordered to pay $450,837 in restitution. Williams appeals, arguing that a sentence of 35 months is unreasonable.

Williams voices no complaint about the district court's guideline calculations, and since 35 months falls within the resulting guideline range of 30 to 37 months, we presume the sentence to be reasonable. *See United States v. Bryant*, No. 04-2850, 2005 WL 2000981, at *5 (7th Cir. Aug. 22, 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Williams argues that the district court should have given him home detention or at least a prison term at the low end of the range, because he was supporting a wife and three children, attending college, had suffered from depression, incurred just one prior conviction stemming from domestic violence rather than fraud, and engaged in a scheme that should have been detected by the defrauded lenders. The district court, though, considered the factors in 18 U.S.C. § 3553(a) and gave Williams an opportunity to highlight those he believed weighed in his favor. That the court was not persuaded by his arguments does not make the sentence unreasonable.

AFFIRMED.